John H. Tarlow
Anna M. Bidegaray
Tarlow & Stonecipher, PLLC
1705 West College Street
Bozeman, MT   59715-4913
Phone:          (406) 586-9714
Facsimile:      (406) 586-9720
jtarlow@lawmt.com
abidegaray@lawmt.com
*Attorneys for Columbia Casualty Company*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| FIRST INTERSTATE BANK,<br><br>                              Plaintiff,<br><br>          v.<br><br>COLUMBIA CASUALTY<br>COMPANY, BANCSERVE, INC.,<br>and AH&T,<br><br>                              Defendants. | Case No.<br><br><br>**NOTICE OF REMOVAL** |

     Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Columbia Casualty

Company ("Columbia Casualty") files this Notice of Removal.  In support of this

Notice of Removal, Columbia Casualty states:

     1.     This is an insurance coverage dispute that Plaintiff First Interstate

Bank ("First Interstate") first initiated against Columbia Casualty in this Court four

months ago – *see First Interstate Bank v. Columbia Casualty Co.*, 9:15-cv-0014-BMM (D. Mont.) (the "First Federal Court Action").  A month later, Columbia Casualty filed a motion to dismiss for failure to state a claim.  *See id.* at Doc. 15. Shortly before First Interstate's deadline to respond to that motion, and after the parties' Rule 26 planning conference, First Interstate filed a 230-paragraph amended complaint.  *See id.* at Doc. 22.  After seeking and receiving confirmation from First Interstate that it did not plan to file a further amended complaint, Columbia Casualty prepared to file an answer and counterclaim.  Then, just days before the deadline for Columbia Casualty's response, First Interstate voluntarily dismissed the First Federal Court Action on May 5, 2015.  *See id.* at Doc. 28.  On May 6, 2015, Columbia Casualty brought suit against First Interstate the next day – *see Columbia Casualty Co. v. First Interstate Bank*, 4:15-cv-0039-BMM (D. Mont.) (the "Pending Federal Court Action").

2.     Later that same day – *i.e.*, May 6, 2015 – First Interstate brought this action against Columbia Casualty in the Montana Thirteenth Judicial District in Yellowstone County by filing a Complaint, which was docketed as Cause No. DV-15-0569 (the "Complaint").  True and correct copies of the Complaint and other papers served on Defendants as of this date of removal are attached as Exhibit 1.

3.     The 278-paragraph Complaint First Interstate filed in state court is nearly identical to the first amended complaint that First Interstate filed against

Columbia Casualty in the First Federal Court Action.  The Complaint adds as

defendants First Interstate's insurance broker – BancServe, Inc. ("BancServe") –

and First Interstate's risk management consultant – AH&T – naming them each in

one "alternative claim" for relief.

4.     The Montana Commissioner of Securities and Insurance mailed a

copy of the Complaint to Columbia Casualty on May 12, 2015, which serves as the

date of service under § 33-1-603 Mont. Code Ann.

5.     This dispute between Columbia Casualty and First Interstate arises

under Bankers Professional Liability Policy No. 425454684 issued by Columbia

Casualty to First Interstate for the Policy Period of October 1, 2012 to October 1,

2013 (the "Policy").  The Policy has a $10 million Limit of Liability subject to a $1

million per Claim Retention.  First Interstate sought coverage under this Policy

with respect to the lawsuit captioned *Kelly Logging, Inc. v. First Interstate Bank*,

Cause No. DV 12-928 (Missoula Cnty. Dist. Ct. Aug. 9, 2012) (the "Kelly Logging

Action").  The parties disagree over the extent of coverage available under the

Policy for the Kelly Logging Action, including the nearly $17 million award of

punitive damages entered against First Interstate.

6.     The basis for removal is diversity of citizenship jurisdiction.  Pursuant

to 28 U.S.C. § 1332(a), United States District Courts have original jurisdiction

over all civil actions in which the matter in controversy is in excess of $75,000,

exclusive of interest and costs, and in which complete diversity exists between all plaintiffs and all defendants.

7.     Even where complete diversity does not exist on the face of the complaint, a district court must consider removal where there is evidence that the non-diverse defendants are fraudulently joined or that the plaintiff has attempted to manipulate diversity jurisdiction.  *See Mississippi ex rel. Hood v. AU Optronics Corp.*, 134 S. Ct. 736,  745 (2014) ("We have interpreted the diversity jurisdiction statute to require courts in certain contexts to look behind the pleadings to ensure that parties are not improperly creating or destroying diversity jurisdiction.  We have held, for example, that a plaintiff may not keep a case out of federal court by fraudulently naming a nondiverse defendant.")

8.     Complete diversity exists between First Interstate and two defendants – Columbia Casualty and AH&T.  Columbia Casualty is an Illinois corporation with its principal place of business in Chicago, Illinois, and AH&T is on information and belief a California corporation with its principal place of business in Virginia.  *See* Exhibit 1 at ¶¶ 2-6.  First Interstate is a Montana corporation with its principal place of business in Billings, Montana.  *See id.* ¶ 1.

9.     The sole non-diverse defendant is BancServe, a Montana corporation with its principal place of business in Helena, Montana.  *See id.* ¶ 4.  First

Interstate has asserted that its addition of BancServe to this action makes diversity jurisdiction improper.  *See* First Federal Court Action Doc. 28.

10.     On the face of First Interstate's Complaint, its claim against BancServe is an insufficient basis to strip Columbia Casualty of its right to diversity jurisdiction in this Court.  *See Mississippi ex rel. Hood v. AU Optronics Corp.*, 134 S. Ct. at 745 (2014); *In re Briscoe*, 447 F.3d 201, 216 (3d Cir. 2006) (holding that joinder is fraudulent where there is "no real intention in good faith to prosecute the action against the [nondiverse] defendant").  First Interstate has pled its single claim for negligence against BancServe in the alternative, such that the claims against BancServe may be pursued *only if* Columbia Casualty prevails on the claims First Interstate has asserted against it.  In this way, the claim against BancServe – which has a board of seven directors, two of whom, including the chairman, are First Interstate employees – is a hollow attempt to deprive Columbia Casualty and AH&T of an impartial federal forum.  *See Lee v. American Nat'l Ins. Co.*, 260 F.3d 997, 1005 (9th Cir. 2001) ("diversity jurisdiction has been viewed as serving the interest in protecting out-of-state defendants from potential state-court bias in favor of local plaintiffs").

11.     Fraudulent joinder does not require a finding of actual fraud.  *See McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) ("Fraudulent joinder is a term of art.  If the plaintiff fails to state a cause of action against a

resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent.").

12.     First Interstate has also failed to state a cause of action against BancServe because it has not alleged a breach of the duty of care recognized under Montana law. *See Monroe v. Cogswell Agency*, 356 Mont. 417, 426 (Mont. 2010) (noting that Montana has not recognized a heightened duty for insurance agents). The joinder of BancServe is therefore fraudulent.

13.     Moreover, in the Pending Federal Court Action, First Interstate has filed a motion to dismiss, in which First Interstate asserts that it will seek to show that Columbia Casualty is vicariously liable for the acts of BancServe. *See* Pending Federal Court Action, Doc. 12 at 19-20. This is further evidence that First Interstate's claims are, at their core, against Columbia Casualty, and its claims against BancServe are merely a ploy to circumvent diversity jurisdiction. Such procedural maneuvering is improper.

14.     This procedural maneuvering is also unnecessary, given that Columbia Casualty has filed an action to resolve this dispute with First Interstate in federal court, and First Interstate may now assert claims against BancServe and AH&T as a third-party plaintiff in the Pending Federal Court Action. This case involves the same dispute as the Pending Federal Court Action, which is currently before Judge Brian Morris in the Great Falls Division. Columbia Casualty plans to

concurrently file a motion to consolidate this proceeding with the Pending Federal Court Action. That Court may exercise supplemental jurisdiction over the claims against BancServe and AH&T pursuant to 28 U.S.C.A. § 1367. All claims at issue here, including First Interstate's alternative or conditional claim against BancServe, may be resolved in the earlier-filed Pending Federal Court Action.

15.     Because First Interstate Bank chose to file this subsequent litigation in the Yellowstone County District Court , the District of Montana, Billings Division is the proper venue for this removal pursuant to 28 U.S.C. § 1441. However, as noted above, Columbia Casualty will be filing a Motion to Consolidate this removed case with the Pending Federal Court Case.

16.     The matter in controversy exceeds $75,000, exclusive of interest and costs. First Interstate seeks to recover from Columbia Casualty the $10 million Policy Limit of Liability for coverage of the Kelly Logging Action and additional potential damages for its claim under the Unfair Trade Practices Act. *See* Exhibit 1, ¶ 252.

17.     This Notice of Removal is timely. It has been filed with this Court within thirty (30) days of May 12, 2015, the date of service according to § 33-1-603 Mont.CodeAnn., and therefore the date of Columbia Casualty's receipt "through service or otherwise, of a copy of the initial pleading set forth for the claim for relief upon which such action or proceeding is based," as provided by 28

U.S.C. § 1446(b).  Pursuant to 28 U.S.C. § 1446(a), Columbia Casualty represents

that, apart from the Complaint, it has received no other process, pleadings, motions

or orders in this action.

18.     Other than Columbia Casualty, there are no properly joined and

served parties to consent to removal.  AH&T has not been served, according to the

state court docket as of this afternoon.  The only other served defendant is

BancServe, which is a fraudulently joined party, and it is unnecessary to obtain its

consent in order to render the action removable.  *See, e.g., Balazik v. County of*

*Dauphin*, 44 F.3d 209, 211 n.2 (3d Cir. 1995).

19.     Accordingly, jurisdiction over the subject matter of this case is

conferred by 27 U.S.C. §§ 1332(a)(1), and removal is proper pursuant to 28 U.S.C.

§1441(a).

20.     Pursuant to 28 U.S.C. § 1446, Columbia Casualty is filing with this

Notice of Removal a copy of all process, pleadings and orders it has received.

Copies of all such papers are attached as Exhibit 1.

21.     A copy of this Notice of Removal will be served upon Plaintiff and

filed with the Clerk of the Court for Yellowstone County, Montana, to effect

removal of this action to the United States District Court for the District of

Montana pursuant to 28 U.S.C. § 1446(d).

Having established all of the requirements for removal under 28 U.S.C. §

1441 and 1446, including all jurisdictional requirements established by 28 U.S.C. §

1332, Columbia Casualty hereby removes this case to the United States District

Court for the District of Montana.

Dated: June 9, 2015

Respectfully submitted,

By s/ *Anna M. Bidegaray*

Anna M. Bidegaray
TARLOW & STONECIPHER, PLLC

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 9, 2015, a true and correct copy of this

document was served on the following person(s) by:

| | |
|---|---|
| _1,2__ | CM/ECF |
| _____ | Hand Delivery |
| _____ | Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | E-Mail |

1. Clerk of U.S. District Court
2. Martha Sheehy
Sheehy Law Firm
P.O. Box 584
Billings, Montana  59103-0584

s/ *Anna M. Bidegaray*
Anna M. Bidegaray
Tarlow & Stonecipher, PLLC

*Counsel for Columbia Casualty Company*